# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff**,**<br>vs.<br>**KEVIN LEE DAVIS,**<br>Defendant**.** | CASE NO. 98-cr-40082-YGR-**3**<br><br>**ORDER DENYING DEFENDANT'S PETITION FOR RELIEF**<br><br>Re: Dkt. No. 1942 |

On April 7, 2017, defendant Kevin Lee Davis filed *pro se* a document styled as a "Combined Petition for Audita Querela, Mandamus, Prohibition to Declare Satisfaction of Judgment and for Bail Upon his Own Recognizance without Surety and with Celerity Pendente Lite." (Dkt. No. 1942.) Defendant seeks relief declaring that the judgment entered against him was a "cumulative punishment unauthorized by [C]ongress," and was in violation of his constitutional rights under the Fourth, Fifth, Sixth, and Eighth Amendments. (*Id.* at 14.) Specifically, defendant appears to argue that the imposition of special assessments and fines in addition to his terms of imprisonment constituted unconstitutional cumulative, consecutive, and concurrent punishments.

The Court provides a brief summary of the facts and procedural history of this action:

In 1998, defendant was charged with leading a "large-scale cocaine trafficking organization that operated in Oakland in 1997 and 1998" and went to trial for the same in January 2001. (May 21, 2012 Order Denying § 2255 Petition at 1, *United States v. Davis*, No. 12-16575, Dkt. No. 24-2 at 6 (9th Cir. Mar. 27, 2013) ("5/21/12 Order").) The jury found defendant guilty of seventy-nine counts charged against him, including a charge of engaging in a continuing criminal enterprise, two charges of conspiracy, twenty-two separate substantive counts of possession of cocaine with intent to distribute, twenty counts of interstate travel with intent to facilitate the transportation and distribution of cocaine, and multiple charges of using a communication facility

for drug trafficking and money laundering. (*Id.* at 4–5.) On such bases, defendant was sentenced to three concurrent life imprisonment terms on the major counts, in addition to shorter concurrent terms on other counts. (*Id.* at 5; *see also* Dkt. Nos. 1221 and 1226.) Defendant appealed his conviction raising several arguments, and in January 2004, the Ninth Circuit affirmed the convictions, but remanded to the trial court for resentencing after holding that the convictions for conspiracy were lesser included offences in the conviction for engaging in a continuing criminal enterprise. (5/12/12 Order at 5.) On remand, the court dismissed the conspiracy counts and re-imposed the same sentence as to the remaining counts. (*Id.*)

Defendant then filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. section 2255, challenging the admission of certain witness statements as a violation of the Confrontation Clause. (*Id.* at 6.) The district court denied that petition on May 12, 2012 (*id.* at 14), and the Ninth Circuit affirmed (Dkt. Nos. 1912, 1924, and 1926). Defendant then filed a petition for *certiorari* to the United States Supreme Court on November 24, 2014 (Dkt. No. 1928), which denied his petition on January 13, 2015 (Dkt. No. 1934).

In light of that background, the Court finds that defendant has failed to raise any plausible grounds upon which relief can be granted. Additionally, while not styled as a section 2255 motion, defendant's filing is essentially seeking a habeas corpus review of his sentence and an order to vacate, set aside, or correct the same. Section 2255, however, strictly limits the time period under which a defendant may file a motion for relief. Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f)(1)–(4).  "In the context of a habeas corpus review, a conviction is final when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari firmly denied."  *Griffith v. Kentucky*, 479 U.S. 314, 321 (1987).  Defendant's conviction has been final for several years, and defendant raises no arguments explaining why the limitations period would not bar his current petition.

Thus, because defendant has raised no plausible grounds for relief and, in any event, any grounds would appear to be time-barred, the Court **DENIES** defendant's petition for relief.  The Court further finds that reasonable jurists would not "find the [Court's] assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability will not issue.

This Order terminates Docket Number 1942.

**IT IS SO ORDERED.**

Dated: September 12, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**