UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **KEVIN LEE DAVIS**, Defendant. | Case No. 98-cr-40082-YGR-3 **ORDER DENYING DEFENDANT'S MOTION PURSUANT TO RULE 36 FED. RULE CRIMINAL PROCEDURE** Re: Dkt. No. 1945 |

On May 30, 2018, defendant Kevin Lee Davis filed *pro se* a document styled as a "Motion Pursuant to Rule 36 Fed. Rule Criminal Procedure." (Dkt. 1945 ("Motion").) Defendant states that he "moves this Court to correct a clerical error pursuant to Rule 36 of the Federal Rules of Criminal Procedure." (*Id.* at 1.) Defendant argues that a special assessment imposed on him is a violation of the Fifth, Sixth, and Eighth Amendments of the Constitution of the United States of America and should therefore be reduced. (*Id.* at 3-4.) Because of these alleged violations, defendant claims that he was forced to participate in a particular program. (*Id.* at 5.)

Under Fed. R. Crim. P. 36, "[a]fter giving notice is considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (emphasis original). Rule 36 does not "allow reassessment of the merits of an earlier decision," and can do no more than conform the sentence to that which the record indicates was intended. *United States v. Jones*, 608 F.2d 376 (9th Cir. 1979). *See also United States v. Kaye*, 739 F.2d 488, 490-91 (9th Cir. 1984). If the error is not a clerical one, the Court has "no authority to amend the sentence after entry of the judgment and the commitment order." *United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011).

Here, defendant's request to reduce the special assessment is based on alleged judicial errors.  The claimed constitutional violations are not clerical errors.  Indeed, defendant does not set forth any clerical errors that could be corrected pursuant to Rule 36.  "He does not ask the Court to 'conform the sentence to the term which the record indicates was intended,' *Kaye*, 739 F.2d at 490, but rather change his sentence substantively in a manner clearly not intended by the sentencing judge at the time of sentencing." *United States v. Thompson*, CR 03-00847-ABC, 2015 WL 13722858, at *3 (C.D. Cal. May 6, 2015).  In such circumstances, a Rule 36 motion is not the appropriate vehicle for correcting the claimed constitutional errors, and the Court is without authority to grant the relief requested in the Motion.  Therefore, the Court must deny the Motion without reaching the merits of defendant's Motion.

Accordingly, the Court **DENIES** the Motion Pursuant to Rule 36 Fed. Rule Criminal Procedure.

This Order terminates the motion at docket 1945.

**IT IS SO ORDERED.**

Dated: October 25, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge