UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **KEVIN LEE DAVIS**, <br> Defendant. | Case No. 4:98-cr-40082-YGR-3 <br><br> **ORDER: (1) DENYING MOTION FOR IMMEDIATE RELEASE OR ALTERNATE PLACEMENT DUE TO COVID-19 PANDEMIC; AND (2) REQUIRING GOVERNMENT RESPONSE TO MOTION TO REDUCE SENTENCE** <br><br> Re: Dkt. Nos. 1952, 1955 |

On August 6, 2020, defendant Kevin Lee Davis filed *pro se* a document styled as "Motion for Immediate Release or Alternate Placement Due to COVID-19 Pandemic." (Dkt. No. 1952.) Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i).

Here, Davis has not demonstrated any "extraordinary or compelling reasons" for compassionate release. In total, Davis only generally cites to the ongoing coronavirus (COVID-19) pandemic, as well as that he is "an African-American over 40 years of age" as circumstances warranting immediate release or alternate placement. (Dkt. No. 1952 at 7.) These grounds do not persuade and are insufficient to demonstrate extraordinary or compelling reasons for compassionate release.[1] Accordingly, the Court **DENIES** this motion.

---

[1] The Court confines its analysis solely to the "extraordinary or compelling reasons" analysis. The Court makes no ruling or determination as to the remaining requirements for compassionate release.

On October 13, 2020, Davis further filed *pro se* a document styled as a "Motion to Reduce Sentence." (Dkt. No. 1955.) The Court has reviewed this motion as well as the accompanying materials submitted with the motion and finds that a response from the government is warranted on this motion. The Court **HEREBY ORDERS** that the government respond to the motion by **February 12, 2021**, given the history and, potentially, the complexity of the response.

This Order terminates Docket Number 1952.

**IT IS SO ORDERED.**

Dated: December 11, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**