# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>         Plaintiff,<br>     v.<br>**KEVIN LEE DAVIS,**<br>         Defendant. | Case No.: 98-cr-40082-YGR<br><br>**ORDER GRANTING MOTION FOR SENTENCE REDUCTION**<br><br>DKT. NO. 1966 |

On November 9, 2021, the Court issued an order that the Court was inclined to grant defendant Kevin Lee Davis' motion to modify his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A), which is also known as compassionate release. (Dkt. No. 1972.) However, the Court had insufficient information with respect to a release plan and requested that the parties and U.S. Probation meet and confer and provide the Court with a supplemental filing regarding Mr. Davis' release. U.S. Probation has since filed its response (Dkt. No. 1973) and the parties agree with the release plan outlined by U.S. Probation. (Dkt. No. 1974.)

For the reasons stated in the November 9, 2021 order, the Court **GRANTS** Mr. Davis' motion pursuant to 18 U.S.C. § 3582(c)(1)(A) and **ORDERS** as follows:

1.   Mr. Davis' term of imprisonment is hereby reduced to **TIME SERVED**. There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Mr. Davis' safe release and immediate return to this District. Mr. Davis shall be released as soon as appropriate travel arrangements are made and it is safe for Mr. Davis to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and

ensure Mr. Davis' safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended.

2. Upon release from imprisonment and arrival in this District, Mr. Davis must self-quarantine, at his mother's residence for fourteen days.

3. Upon release from imprisonment, Mr. Davis shall be placed on supervised release for a term of ten years. Mr. Davis' supervised release shall have the same mandatory, standard, and special conditions as those imposed at Mr. Davis's sentencing on July 27, 2004.

4. Mr. Davis must submit to a search of his person, residence, office, vehicle, or any property under his control. Such a search shall be conducted by a U.S. Probation Officer or any federal, state, or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; Mr. Davis shall warn any residents that the premises may be subject to searches.

5. Mr. Davis must not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

6. Upon release from imprisonment, Mr. Davis shall participate in the Location Monitoring Program as directed by the U.S. Probation Officer for a period of 180 days, and be monitored by location monitoring technology. Location monitoring shall be utilized to verify his compliance with curfew and any court-imposed condition of supervision. Mr. Davis shall be restricted as directed by the U.S. Probation Officer. The enrollment into the Location Monitoring Program will be suspended during the fourteen-day quarantine period. Location monitoring fees shall be waived.

7. Mr. Davis must participate in a mental health treatment program, as directed by the U.S. Probation Officer. Mr. Davis is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the U.S. Probation Officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the U.S. Probation Officer.

8. Mr. Davis must participate in a program of testing and treatment for drug abuse, as directed by the U.S. Probation Officer, until such time as Mr. Davis is released from treatment by

the U.S. Probation Officer.  Mr. Davis is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the U.S. Probation Officer.  Payments shall never exceed the total cost of urinalysis and counseling.  The actual co-payment schedule shall be determined by the U.S. Probation Officer.

9. Mr. Davis must participate in vocational training as directed by the U.S. Probation Officer.

10. Mr. Davis must have no contact with any co-defendant in this case.

11. Mr. Davis must cooperate in the collection of DNA as directed by the U.S. Probation Officer.

**IT IS SO ORDERED**.

Date: December 3, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

cc: U.S. Probation